# Valentine Faulkner, appellee, *vs.* Wm. S. Campbell, appellant.

## *Appeal from Louisa.*

A court of equity will not injoin the collection of money on a judgment at law where the defendant there has neglected to make a defence which would have been as available at law as in equity.

This was a bill in chancery, filed by Valentine Faulkner against William S. Campbell, in the District Court of Louisa county. The complainant states, that he with one Wm. L. McGuire, had executed their joint and several promissory note to the said Campbell, for the sum of $300, which note was the property of Campbell, and in the the hands of an attorney for collection. That the note was given for a certain "claim" upon U. S. land. That it was agreed that if there was any prior claim, by which complainant should be dispossessed, the contract was to be void and the note to be delivered up, and that there was a written guarantee to that effect, as he was informed, as he could not read or write. That shortly after the contract, Campbell removed from the territory, &c.

The complainant charges that at the time of the contract the defendant knew that one Majors had a valid prior right to said claim, that the consideration had failed, and of course in equity the note should be surrendered and cancelled.

Injunction prayed, to injoin the collection of the note from complainant or McGuire.

Subsequently a petition was filed by complainant, stating that after the filing of the original bill, suit had been instituted on said note in Johnson county, and a judgment obtained by default; an injunction was prayed, and allowed by the Judge.

There was a general demurrer to the original bill, which was over-

ruled, and at the November term 1840, the injunction was made perpetual by a decree of the court.

LEARNED & WOODS, for complainant.

GRIMES, for defendant.—The court erred in overruling the general demurrer of the said defendant below, to the bill of the said complainant.

PER CURIAM, MASON, CHIEF JUSTICE.—The complainant having suffered a judgment by default, in an action brought against him by Campbell, upon a promissory note, filed the bill in this case, to restrain proceedings at law, for various reasons therein set forth. We do not find it necessary to consider more than a single point—the negligence of the complainant, in not making his defence at law. If he had no other means of defence, it was incumbent on him to have filed his bill of discovery, in aid of the suit at law. Where a defendant has lain by, and failed to do so, without sufficient excuse, courts of equity have always refused to interfere.

In the present case, no sufficient excuse is shown by the complainant, for not presenting to the court at law, the very matters of defence which he now urges in his bill; and which had they been there substantiated, would have been as available at law as in equity. We think therefore the demurrer should have been sustained, if presented in such a way as to have been considered at all, and of this the District Court was the proper judge. A least, no objection having been made on the ground that the record shows the demurrer to have been considered after making a final decree in the cause without anything to show that the decree had been previously opened, we shall not raise the objection ourselves. The decree of the court will therefore be reversed, the demurrer sustained and the bill dismissed.